IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY DALE CLASS, )
)
Plaintiff, )
)
v. ) 1:25CV77
)
DISTRICT OF COLUMBIA, UNITED )
STATES ATTORNEY OFFICE, and )
UNITED STATES PUBLIC DEFENDER )
OFFICE, )
)
Defendants. )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Motion to Dismiss the Complaint [Doc. #13] pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) on the grounds that the Court lacks subject matter jurisdiction, that venue is more appropriate in the District of Columbia, that process and service of process are insufficient, and because Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff responded to the Motion to Dismiss and also later filed a Motion for Summary Judgment [Doc. #42], a Motion for Hearing [Doc. #51], a Motion for Default [Doc. #56], and a Motion for Trial [Doc. #63]. For the reasons set out below, the Court recommends that Defendant's Motion to Dismiss be granted, that Plaintiff's Motions be denied, and that this action be dismissed.

I.  BACKGROUND

Rodney Dale Class ("Plaintiff"), proceeding *pro se*, initiated this action by filing his Complaint [Doc. #4] in Rowan County, North Carolina Superior Court, against the District of Columbia, "the United States Attorney Office," and "the United States Public Defender Office."[1] The United States Attorney's Office and the United States Federal Public Defender's Office ultimately removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 [Doc. #1]. In response to the Complaint, Defendants filed the Motion [Doc. #13] now at issue.

In his Complaint, Plaintiff alleges that Defendants violated various sections of Federal law "on or about the date(s) of May 28, 2013 in the City of District of Columbia" related to his "2nd amendment right" [Doc. #2, #4]. A review of court records from the United States Court for the District of Columbia reveals that, on May 30, 2013, Plaintiff was intercepted by United States Capitol Police, who determined that Plaintiff had multiple firearms on United States Capitol Grounds. (Defs.' Br. Ex. A [Doc. #14-1] at 1-2); United States v. Class, No. 1:13-cr-253-1 (D.D.C.) (Doc. #1). On September 3, 2013, Plaintiff was indicted on two counts: unlawful possession of a firearm while on the grounds of the Capitol in violation of 40 U.S.C. § 5104(e)(1), and carrying a pistol outside home or business in violation of 22 D.C. Code § 4504(a). Id. Although an Assistant Federal Defender was initially appointed to represent Plaintiff with respect to these charges, Plaintiff chose to waive representation and proceed *pro se*. See Class, No. 1:13-cr-253-1 (Doc. #52).

---

[1] In the briefing, Defendants note that the state court previously dismissed with prejudice any claims against the Public Defender Service for the District of Columbia, which is a separate entity from the Federal Public Defender's Office [Doc. #1-26; Doc. #14 at 5 n.2].

Plaintiff challenged his indictment on multiple fronts. First, he argued that statute at issue in the first count, 40 U.S.C. § 5104(e)(1), violated both the Second Amendment right to bear arms and the Due Process Clause. The District Court denied these claims, and Plaintiff ultimately pled guilty to Possession of a Firearm on U.S. Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1). See Class, No. 1:13-cr-253-1 (Doc. #169). Plaintiff next challenged the constitutionality of the statute of conviction on direct appeal, again claiming that it violates the Second Amendment and the Due Process Clause because it fails to provide fair notice of which areas fall within the Capitol grounds. The Court of Appeals for the D.C. Circuit affirmed the District Court's decision, finding that by pleading guilty, Plaintiff waived any right to direct appellate review of constitutional claims. United States v. Class, No. 15-3015, 2016 WL 10950032 (D.C. Cir. July 5, 2016). However, the Supreme Court granted certiorari, reversing and remanding the case. Class v. United States, 583 U.S. 174, 176 (2018). On remand, the Court of Appeals again affirmed, holding that the federal statute prohibiting possession of firearms on U.S. Capitol Grounds, as applied, did not violate Plaintiff's Second Amendment rights and the statute was not unconstitutionally vague under due process principles. United States v. Class, 930 F.3d 460 (D.C. Cir. July 19, 2019). That decision, and Plaintiff's conviction, remain in place. Plaintiff then sued the United States and the United States Attorney's Office in the United States Court of Federal Claims, alleging unjust conviction, unjust imprisonment, and violation of the Constitution and several federal statutes. See Class v. U.S.A., No. 1:20cv205 (Fed. Cl. 2020). That court dismissed all of Plaintiff's claims for lack of subject matter jurisdiction, noting that Plaintiff was attempting to challenge a conviction that had not been reversed or set aside.

II. DISCUSSION

In filing his present lawsuit, Plaintiff continues to challenge the events surrounding his indictment and conviction in the District of Columbia more than a decade ago. As Defendants correctly note,

> Plaintiff attached three "Claim for Damage, Injury, or Death" or "SF 95" forms to his complaint, suggesting his complaint is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et. seq. ("FTCA") for personal injuries sustained in May 2013. On his SF 95 forms, Plaintiff claims damages for personal injuries in the amount of $40,000,000.00. Plaintiff's SF 95 forms are not dated, and he fails to show he timely presented them to the appropriate agency.

(Defs.'s Br. [Doc. #14] at 4-5) (citing Doc. #1 Exs. F-2, F-3, and F-4).

Upon review, the Court agrees that Plaintiff's claims require dismissal. In particular, the Court finds that (1) Plaintiff fails to show that the Federal Defendants expressly waived their sovereign immunity from such a suit, (2) Plaintiff failed to follow the correct process for bringing a claim under the FTCA, and (3) the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994) bars Plaintiff's challenge to his prior conviction.

A. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." Id. (noting that "the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit" (internal quotation omitted)). Therefore, if the United States has not waived sovereign immunity and consented to be sued, this Court lacks jurisdiction to entertain the suit against the United States or its agencies.

In this case, Plaintiff has not suggested any basis for finding that the Defendants have waived sovereign immunity and consented to be sued. Instead, the Complaint simply lists sections of the federal statutes and regulations which Plaintiff claims Defendants violated. These provisions include 36 U.S.C. § 70503, which governs the Federal Bar Association and lawyers' duty to uphold the Constitution; 5 U.S.C. § 7311, which prohibits government officials from advocating to overthrow the government; 18 U.S.C. § 1621, which prohibits perjury; 26 U.S.C. § 643, which defines terms relating to trusts, estates, and beneficiaries in the context of the Internal Revenue Code; 42 U.S.C. § 1981, which protects rights from discrimination and impairment under color of state law; and 5 C.F.R. § 2635.101, which lists the basic obligations of public service. None of these statutes provide a basis for claims against Defendants. The Defendant agencies are shielded from suit absent a showing that the federal government waived its immunity from such a suit. Lane v. Pena, 518 U.S. 187, 192 (1996) (holding that waiver of sovereign immunity "must be unequivocally expressed in statutory text."); Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (Any plaintiff "who sues the United States bears the burden of pointing to . . . unequivocal waiver of immunity."). Because (1) none of the statutes identified by Plaintiff expressly waived Defendants' immunity and (2) Plaintiff points to no other basis for waiver, sovereign immunity bars Plaintiff's claims.

B.  Federal Tort Claims Act

The one possible exception to the sovereign immunity bar in this case lies within the FTCA, which contains a limited waiver of immunity with respect to certain claims. The FTCA permits a claimant to sue the United States for "the negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2675(a).

As described above, Plaintiff attached three "Claim for Damage, Injury, or Death" or "SF 95" forms to his Complaint, suggesting that he seeks to brings a claim for damages under the FTCA. [Doc. #1 Exs. F-2, F-3, and F-4.] Plaintiff filled out one of these forms for each of the three Federal Agencies involved in this action, but the language used by Plaintiff in completing the forms is otherwise identical. (Id.) When asked to identify the basis of his claims, Plaintiff wrote as follows:

> District of Columbia did knowingly bring a false claim under the 2nd amendment of the right to carry. United States Attorney Office did set out to aid and abet in this willful violation to cover up the misconduct of the District of Columbia with the help of the United States Federal Public Defenders Office. All Defendants being under a sworn oath and receiving Federal funds supported by the taxpayer of North Carolina and the Couty there in did set out to misuse such funds to violate the rights of a Native of that State with intend to defraud under the Constitution protected Rights.

(Id.) Plaintiff signed each of the forms but did not date them. Instead, he typed "Uni" within each of the "Date of Signature" boxes. (Id.)

Plaintiff's potential FTCA claims should be dismissed on multiple grounds. First, as Defendants correctly note, "[i]n actions brought pursuant to the FTCA, the only proper defendant is the United States." (Defs.' Br. at 13) (citing 28 U.S.C. §§ 1346(b) and 2679(a); Metz v. U.S. Postal Serv., 1988 WL 1076, at *1 (4th Cir. Jan. 4, 1988); see also Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002) ("Although each [plaintiff] also named the Department of Veterans Affairs as a defendant . . . the United States is the only proper defendant."); Cole v. Principi, 2004 WL 878259, at *7 (M.D.N.C. Apr. 4, 2004) (dismissing claim against Secretary of the Department of Veterans Affairs because the United States is the

6

only proper defendant in a FTCA action); Baird v. Haith, 724 F. Supp. 367, 377 (D. Md. 1998) (same)). Because Plaintiff seeks to proceed against agencies rather than the United States, any FTCA claims Plaintiff seeks to brings against the named defendants cannot proceed.

Moreover, the FTCA requires that, "before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination." Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994); 28 U.S.C. § 2675. Here, Plaintiff submitted the three forms in question to the state court prior to removal, but there is no evidence that Plaintiff submitted the forms to the Defendant agencies prior to filing the instant lawsuit. In his briefing, Plaintiff refers to the state court as an "Administrative Court." However, a filing in state court is not a proper presentment to the appropriate federal administrative agency under the FTCA. Because "the requirement of filing an administrative claim is jurisdictional and may not be waived" in the context of FTCA claims, Plaintiff's failure to properly exhaust his claims before filing suit divests this Court of subject matter jurisdiction. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).[2]

---

[2] Defendant notes that Plaintiff apparently submitted a separate "Standard Form 95" with the Federal Public Defender in September 2021. (Defs.' Br. Ex. B-1 [Doc. #14-2] at 3-4.) Although the language used by Plaintiff in completing this form differs somewhat from the undated forms submitted in this case, Plaintiff's contentions remain substantially the same in challenging his conviction related to the May 2013 offense. On March 5, 2025, the Administrative Office of the United States Courts ("AO") notified Plaintiff that his claim was denied. (Defs.' Br. Ex. B-1 at 5.) As one of multiple reasons provided for denial, the AO explained that claims under the FTCA must be presented to the relevant agency within two years of the date the injury accrued, and that Plaintiff's claim, based on events in 2013, fell far outside this period. (Id.) (citing 28 U.S.C. § 2401(b)). Plaintiff has not raised any challenge to that determination in this case. Moreover, as discussed in the Motion to Dismiss, a claim concerning the provision of legal representation under 18 U.S.C. § 3006A is exempt from suit under the FTCA. See 28 U.S.C. § 2671 (defining an "employee of the government" as "any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18."); Niblock v. Davis, No. 1:19-cv-01184, 2020 WL 5820546, at *3 (E.D. Va. Sept. 30, 2020) ("[D]efendants were providing professional services to Niblock pursuant to a Criminal Justice Act (CJA) appointment pursuant to 18 U.S.C. § 3006A. Thus, there is no waiver of sovereign immunity under the FTCA in this case."); High v. Chandler, No. 4:20cv3235, 2021 WL 3410646, at *3 (D.S.C. June 1, 2021) ("Small was providing professional services to Plaintiff pursuant to a court appointment under 18 U.S.C. § 3006A. Thus, the waiver of sovereign immunity provided by the FTCA is

7

C.  Heck Bar

Finally, to the extent Plaintiff may be intending to file a Bivens claim against particular federal officials involved in his prosecution based on alleged violation of his constitutional and statutory rights, in addition to immunity,[3] Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff can demonstrate that the conviction or sentence has previously been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487; see also Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694-95 (4th Cir. 2015); Covey v. Assessor of Ohio County, 777 F.3d 186, 196 n.8 (4th Cir. 2015) ("Although Heck involved only a § 1983 claim . . . we have construed Heck to apply equally to Bivens claims.") (citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)).  This rule would likewise bar any claim for damages under the FTCA.  See Liounis v. United States, No. 21-1946, 2021 WL 6101842 (4th Cir. Dec. 22, 2021); Harrison v. United States, No. 5:99-CT-513-BR2, 2000

---

inapplicable here, and Plaintiff has no cause of action under the FTCA.").  Thus, the FTCA would not provide a basis for claims based on the provision of legal services under 18 U.S.C. § 3006A.

[3] As noted by Defendants in later briefing, in addition to sovereign immunity for the agencies, prosecutors have absolute immunity for their participation in the judicial process.  Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).  Principles of immunity applicable to § 1983 also apply to Bivens actions.  Ehrlich v. Giuliani, 910 F.2d 1220, 1222 n.2 (4th Cir. 1990); Lyles v. Sparks, 79 F.3d 372, 376 n.4 (4th Cir. 1996).

WL 33965066, at *4 (E.D.N.C. Aug. 15, 2000) ("Plaintiff may not recover damages under the FTCA until his conviction is reversed"), aff'd, 10 F. App'x 130 (4th Cir. 2001); Maxwell v. United States, No. CIV.A.L-10-1483, 2010 WL 2652198, at *2 (D. Md. June 30, 2010) ("Heck bars FTCA damage claim going to underlying conviction if conviction is still in place."), aff'd, 397 F. App'x 914 (4th Cir. 2010); Harriot v. United States, No. CV 1:20-1266-JFA-SVH, 2020 WL 6292712, at *2 (D.S.C. May 4, 2020) (collecting cases), report and recommendation adopted, 2020 WL 4499987 (D.S.C. Aug. 5, 2020); Barnett v. Kaufman, No. 3:24-CV-942-FDW, 2025 WL 254067 (W.D.N.C. Jan. 21, 2025) ("Even if the Plaintiff had stated a cognizable claim pursuant to the FTCA or Bivens, it appears that his claims are barred by Heck"); O'Brien v. United States Federal Government, 763 F. App'x 157 (3d Cir. 2019) ("Furthermore, we discern no reversible error in the District Court's determination that Heck's favorable termination rule may not apply just to the Bivens claim, but to the FTCA and RICO claims in O'Brien's amended complaint as well."); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) ("[A] civil action under the Federal Tort Claims Act for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody"); Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) (citation omitted) ("FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments.").

Here, Plaintiff's claims entirely stem from his 2013 conviction. As in Heck, the validity of Plaintiff's claims here is predicated on the invalidity of Plaintiff's underlying criminal conviction and/or sentence. Indeed, Plaintiff's Complaint is based on his contention that he

9

was wrongfully charged and unlawfully detained and restrained [Doc. #2 at 5-6], and as relief he wants his record cleared and seeks damages for "unlawful detainment" and "violation of my 2nd amendment protected rights" based on "an unconstitutional conviction" [Doc. #2 at 7]. Later filings make clear that he is seeking that his "record be expunged" and that he has been "trying to get his 2nd amendment violation overturned from 2013 until present" [Doc. #52-1]. Because it is undisputed that, despite numerous direct and indirect legal challenges by Plaintiff, his conviction remains intact, the instant claims for relief are barred by Heck.[4]

III. PLAINTIFF'S MOTIONS

Plaintiff also filed a Motion for Summary Judgment [Doc. #42], again contending that Defendants violated his Second Amendment rights and that Defendants failed to respond to his filings in state court. However, any failure to respond in state court would not result in any entitlement to relief, as Defendants ultimately appeared and removed the matter to this Court. As noted in this Court's prior Order [Doc. #36], the case was properly removed and there is no basis for remand. As discussed above, Plaintiff's claims are barred by sovereign immunity, and any claim that would call his conviction into question is also barred by Heck, so the claims should be dismissed, and there is no basis for entry of summary judgment in Plaintiff's favor.

Plaintiff also filed what was docketed as a "Motion for Hearing" [Doc. #51]. In the filing, he repeats many of the contentions from his filings, none of which would affect the

---

[4] In a later brief, Plaintiff references 28 U.S.C. § 2255. If Plaintiff seeks to attack his conviction or sentence under § 2255, he should request the proper forms and file his Motion to Vacate, Set Aside, or Correct Sentence under § 2255 in the appropriate District for further consideration, rather than filing a civil suit for damages.

10

sovereign immunity determination or the analysis set out above. There is no basis or need for a hearing.

Plaintiff also filed a Motion for Default [Doc. #56], based on alleged fraud, apparently because Defendants removed the case from state court and then moved to dismiss based on immunity. However, as noted in the Court's prior Order [Doc. #36], that would not be a basis for a sanction. Plaintiff also contends that Defendants failed to respond in state court. He cites to a transcript of a state court proceeding [Doc. #54-1], during which the state court did not enter default and noted that Plaintiff would need to provide proof of service and proper notice. Nothing about that transcript supports entry of default. Moreover, Defendants ultimately removed to this Court and have moved to dismiss, and there is no basis for entry of default.

Finally, Plaintiff filed what was docketed as a Motion for Trial [Doc. #63]. However, this case should be dismissed for all of the reasons set out above. There is no basis to set a trial.

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #13] be granted and that this action be dismissed without prejudice.[5]

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment [Doc. #42] be DENIED.

---

[5] The Court notes that Plaintiff also lists the District of Columbia as a defendant, but it is unclear what claims Plaintiff intends to bring against the City as an entity. To the extent Plaintiff intended to file a § 1983 claim for violation of his statutory or constitutional rights related to his conviction, his conviction was in federal court in the United States District Court for the District of Columbia, for violation of federal law, 40 U.S.C. § 5104(e)(1), and he does not allege any interaction with the D.C. Metropolitan Police Department or the D.C. Superior Court. Moreover, any such claim would be barred by Heck in any event, for the reasons discussed above. Therefore, all of the claims should be dismissed without prejudice.

IT IS ORDERED that Plaintiff's Motion for Hearing [Doc. #51], Motion for Default [Doc. #56], and Motion for Trial [Doc. #63] be DENIED.

This the 5th day of March, 2026.

*Joi Elizabeth Peake*
United States Magistrate Judge